**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| CHERYL FRITZE, | |
| Plaintiff, | Hon. _____ <br> Civil Action No. _____ |
| -vs- | |
| NEXSTAR BROADCASTING, INC. and NEXSTAR MEDIA GROUP, INC. (d/b/a WLNS). | Removed from: <br> Ingham County Circuit Court <br> Case No. 18-531-CD <br> Visiting Judge |
| Defendants. | |

| | |
|---|---|
| Michael R. Behan (P45121) <br> SCHRAM, BEHAN & BEHAN <br> *Attorneys for Plaintiff* <br> 4127 Okemos Rd., Ste 3 <br> Okemos, MI 48864 <br> (517)347-3500 | Maurice G. Jenkins (P33083) <br> Kristyn R. Mattern (P77548) <br> JACKSON LEWIS P.C. <br> *Attorneys for Defendants* <br> 2000 Town Center, Suite 1650 <br> Southfield, MI 48075 <br> 248-936-1900 <br> jenkinsm@jacksonlewis.com <br> kristyn.mattern@jacksonlewis.com |

**NOTICE OF REMOVAL**

TO:

| | |
|---|---|
| Clerk of the Court <br> 313 W. Kalamazoo St. <br> Lansing, MI 48933 | Michael R. Behan (P45121) <br> SCHRAM, BEHAN & BEHAN <br> *Attorneys for Plaintiff* <br> 4127 Okemos Rd., Ste 3 <br> Okemos, MI 48864 <br> (517)347-3500 |

Pursuant to 28 U.S.C. §§ 1332, 1391, 1441, and 1446, Defendants Nexstar Broadcasting, Inc. and Nexstar Media Group, Inc. (hereinafter referred to as "Defendants"), by and through their counsel, Jackson Lewis P.C., remove this action from the 30th Judicial Circuit Court,

County of Ingham, State of Michigan, where it is now pending, to the United States District Court for the Western District of Michigan. In support of this Notice of Removal, Defendants state as follows:

## OVERVIEW

1. This case is removable to the United States District Court because: (a) the amount in controversy, exclusive of interest and costs exceeds $75,000; and (b) Plaintiff and Defendants are citizens of different states. Specifically, upon information and belief, Plaintiff is a citizen of Michigan. Defendant Nexstar Broadcasting, Inc. is a citizen of Delaware and Defendant Nexstar Media Group, Inc. is a citizen of Delaware. Accordingly, removal is appropriate, based on diversity jurisdiction, under 28 U.S.C. § 1332.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446.

## SERVICE OF THE COMPLAINT AND SUMMONS

3. On or about August 9, 2018, Plaintiff filed her Complaint against Defendants, Civil Action No. 18-531-CD, in the Ingham County Circuit Court, State of Michigan alleging one count of "wrongful discharge against public policy and in violation of the Michigan Whistleblower Protection Statute". (*See* Complaint, attached as Ex. 1).

4. On or about August 9, 2018, the Ingham County Circuit Court issued a Summons. (Ex. 1).

5. On information and belief, Defendant Nexstar Broadcasting, Inc. received a copy of the summons and complaint on November 8, 2018 and, without waiving any objection to any defect with respect to Plaintiff's service of process, Defendant Nexstar Media Group, Inc. received a copy of same on November 2, 2018.

6. The Summons & Complaint attached as Exhibit 1 constitute all process, pleadings and orders received by Defendants to date in the matter pending in state court. (*See id.*)

## STATEMENT OF GROUNDS FOR REMOVAL

7. 28 U.S.C. § 1441(a) provides that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. 28 U.S.C. § 1332(a) grants original jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between. . .(1) citizens of different States."

9. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) Plaintiff and Defendants are citizens of different states.

## AMOUNT IN CONTROVERSY

10. Defendants believe in good faith that the amount in controversy exceeds $75,000.00 in this action because, as stated in her Complaint, Plaintiff seeks damages for wrongful termination "in excess of Twenty Five Thousand Dollars ($25,000)" and to "be compensated monetarily…to reflect the harm the defendants wrongful action and allegations have done to both the plaintiff's professional and personal life." (Ex. 1, Complaint.)

11. Back pay is a monetary remedy available to a successful plaintiff under Michigan's WPA. MCL 15.364. Plaintiff earned $43,617.60 per year during her employment at Nexstar Broadcasting, Inc. (Ex. 3, Declaration of Timothy C. Busch.) Nexstar Media Group, Inc. denies that it employed Plaintiff. (Ex. 4, Declaration of Terri Lynn Bush.)

12. Based on the amount Plaintiff earned pre-termination, Defendants estimate that Plaintiff is attempting to seek approximately $65,426 in compensatory damages (representing approximately one and a half years of Plaintiff's salary from Nexstar Broadcasting, Inc., calculated based on her May 2018 termination through the estimated trial date in this matter), as well as additional damages and attorneys' fees (as permitted under the WPA).

13. Therefore, the amount in controversy based on the claims asserted and specific allegations of the Complaint, is in excess of $75,000.00. *See Stephens v. Mitsubishi Electrical Automotive America, Inc.*, No. 01-71443; 2002 U.S. Dist. LEXIS 6451, at *4 (E.D. Mich., March 29, 2002)(finding "little doubt" that the $75,000 jurisdictional threshold was satisfied, without even taking into consideration a potential attorney fee award, based upon statements that the plaintiff's potential damages included back pay of $39,000; front pay for an indefinite number of years; and emotional distress damages)(attached hereto as Ex. 2).

## DIVERSITY OF CITIZENSHIP

14. Upon information and belief, at the time this action was commenced and to date, Plaintiff is an individual who resides in Ingham County, in the State of Michigan. (Ex. 1, Complaint.)

15. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. . . . We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1185-86 (2010)"). Nexstar Broadcasting, Inc., who was Plaintiff's sole employer, is a Delaware Corporation with its

principal place of business in Irving, Texas. (*see* Ex. 1, Complaint ¶ 2; Ex. 3, Declaration, ¶¶4-5.) Nexstar Media Group, Inc., who is a named Defendant but did not employ Plaintiff, is a Delaware Corporation with its principal place of business in Irving, Texas. (*See* Ex. 1, Complaint ¶ 2; Ex. 4, Declaration, ¶¶4-5.) Thus, neither Defendant is a citizen of Michigan.

16. Accordingly, complete diversity exists between Plaintiff and Defendants.

## VENUE

17. Venue lies in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1441 because the state action was filed in this district. (*See* Ex. 1, Complaint.)

## REMOVAL

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. This action is, thus, properly removable under 28 U.S.C. § 1441(a) because the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

20. Pursuant to 28 U.S.C. § 1446(b)(3), Defendants file this Notice of Removal within 30 days after they received the Summons and Complaint.

21. Defendants have not filed answer(s) or other responsive pleading(s) in the state court action.

22. Defendants have paid or will pay the filing fees prescribed by this Court's rules.

23. This Notice of Removal is being served upon Plaintiff by U.S. mail and a copy of the Notice of Removal is being filed with the Clerk of the Thirtieth Circuit Court pursuant to 28 U.S.C. § 1446(d).

## NO WAIVER

24. Defendants submit this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff or conceding that Plaintiff has asserted a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the U.S. District Court for the Western District of Michigan accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

Respectfully submitted,
JACKSON LEWIS P.C.

BY:  /s/ Kristyn R. Mattern
Maurice G. Jenkins (P33083)
Kristyn R. Mattern (P77548)
JACKSON LEWIS P.C.
*Attorneys for Defendants*
2000 Town Center, Suite 1650
Southfield, MI 48075
248-936-1900
jenkinsm@jacksonlewis.com
kristyn.mattern@jacksonlewis.com

November 21, 2018

### PROOF OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on November 21, 2018 by:

☐ Hand Delivery    √ U. S. Mail
☐ E-mail/ECF       ☐ FAX

  /s/ Kristyn R. Mattern
KRISTYN R. MATTERN

4838-4015-4490, v. 1