# EXHIBIT 2

## *Stephens v. Mitsubishi Elec. Auto. Am., Inc.*

United States District Court for the Eastern District of Michigan, Southern Division

March 29, 2002, Decided ; March 29, 2002, Filed

Case No. 01-71443

**Reporter**

2002 U.S. Dist. LEXIS 6451 *; 2002 WL 551033

EUGENE STEPHENS, Plaintiff, v. MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INC., Defendant.

**Disposition:** [*1] Plaintiff's Motion to Remand denied.

**Counsel:** For EUGENE STEPHENS, plaintiff: Joseph A. Golden, Sommers, Schwartz, Southfield, MI.

For MITSUBISHI ELECTRIC AUTOMOTIVE AMERICA, INCORPORATED, defendant: Lisa M. Clark, Joseph C. Marshall, III, Dickinson, Wright, Detroit, MI.

**Judges:** PRESENT: Honorable Gerald E. Rosen, United States District Judge.

**Opinion by:** Gerald E. Rosen

## Opinion

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

At a session of said Court, held in the U.S. Courthouse, Detroit, Michigan on 29 MAR 2002

PRESENT: Honorable Gerald E. Rosen

United States District Judge

### I. INTRODUCTION

Plaintiff Eugene Stephens brought this suit in Wayne County Circuit Court, State of Michigan on March 12, 2001, alleging that his employer, Defendant Mitsubishi Electric Automotive America, Inc., discriminated against him on the basis of his race by terminating his employment and otherwise treating him differently with regard to the terms and conditions of his employment. Based on these allegations, Plaintiff asserted a claim under Michigan's Elliott-Larsen Civil Rights Act (the "Elliott-Larsen Act"), *Mich. Comp. Laws § 37.2101 et seq.* Defendant removed the [*2] case to this Court on April 12, 2001, citing the parties' diversity of citizenship, and asserting that the amount in controversy exceeds the jurisdictional prerequisite of $ 75,000. See *28 U.S.C. § 1332(a)*; *28 U.S.C. § 1441(a)*.

By motion filed on May 31, 2001, Plaintiff argues that this matter was improperly removed, and that it should be remanded to state court. In particular, Plaintiff contends that Defendant has not satisfied its burden under the governing case law, including *Gafford v. General Electric Co., 997 F.2d 150 (6th Cir. 1993)*, and *Garza v. Bettcher Industries, Inc., 752 F. Supp. 753 (E.D. Mich. 1990)*, to show that the amount in controversy more likely than not exceeds the $ 75,000 jurisdictional threshold. Defendant filed a response in opposition to this motion on June 18, 2001, and Plaintiff filed a reply brief in further support of his motion on June 22, 2001.

Having reviewed the parties' submissions and the record as a whole, the Court finds that oral argument would not assist in the resolution of this matter, and that it is appropriate to resolve Plaintiff's motion "on the briefs. [*3] " See Local Rule 7.1(e)(2), U.S. District Court, Eastern District

Case 1:18-cv-01313-JTN-ESC   ECF No. 1-3 filed 11/21/18   PageID.18   Page 3 of 4

Page 2 of 3
2002 U.S. Dist. LEXIS 6451, *3

of Michigan. For the reasons stated briefly below, the Court concludes that Plaintiff's motion should be denied.

## II. ANALYSIS

As stated above, the standard governing this Court's inquiry regarding the statutory $75,000 amount-in-controversy requirement is whether Defendant has shown by a preponderance of the evidence that Plaintiff's claim for damages meets or exceeds this jurisdictional threshold; in other words, it must appear "more likely than not" that the amount in controversy is at least $75,000. See *Gafford, 997 F.2d at 158-60*; *Garza, 752 F. Supp. at 763-64*. The Court finds that Defendant has satisfied this standard here.

As noted, Plaintiff's complaint alleges that Defendant discriminated against him in the terms and conditions of his employment and by discharging him, all based upon improper considerations of his race. Based on these alleged violations of the Elliott-Larsen Act, Plaintiff asserts that he has suffered the "loss of past and future income and employee benefits, mental anguish and emotional distress, and loss of professional reputation." (Complaint **[*4]** at P 14.) In its response to Plaintiff's motion, Defendant states, without contradiction, that Plaintiff's potential damage award in this case includes: (i) back pay, at the rate of over $35,000 per year, for the approximately 18-month period between the date of Plaintiff's alleged constructive discharge in November of 2000 and the anticipated date of trial; (ii) additional back pay at the rate of slightly more than $4,000 per year for Defendant's alleged failure to promote Plaintiff to a supervisory position; (iii) front pay for an indefinite number of years, with Plaintiff currently being 51 years old; and (iv) emotional distress damages, which are recoverable under the Elliott-Larsen Act. [1]

---

[1] The Court acknowledges Plaintiff's point that no such detailed statement of his possible damages can be found in Defendant's

Even absent consideration of a possible attorney fee award, then, there appears to be little doubt that the $75,000 jurisdictional threshold is satisfied here.

**[*5]** Plaintiff seemingly does not dispute any of this, nor has he indicated a willingness to stipulate to an amount in controversy of less than $75,000. [2] Rather, as his sole apparent basis for challenging Defendant's recitation of the potential damages at stake here, Plaintiff points to his offers to settle this case for less than $75,000. In particular, Plaintiff apparently has made two such offers, one for $74,800, and the second for $74,000. Yet, as one court has cogently observed in rejecting this argument under similar circumstances:

> Plaintiffs contend that their offer to settle for $45,000 is proof that the [then applicable] $50,000 jurisdictional amount in controversy is absent. This court views the $45,000 offer as evidence of just the opposite. In order to allow for the hazards and costs of litigation, settlement offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial. If these plaintiffs are willing to settle for $45,000 before trial, we can be assured that evidence of damages offered by them at trial will significantly exceed that sum. It takes only a small increase over the settlement offer to reach the $50,000 threshold **[*6]** for federal jurisdiction.

---

Notice of Removal. Rather, this Notice merely recites in conclusory fashion that "the substantive allegations of the Complaint may be fairly read to indicate that the matter in controversy exceeds a sum or value of $75,000.00." (Notice of Removal at P 6.) This alone plainly would be inadequate to meet Defendant's burden of showing that removal was proper. However, to the extent that Plaintiff argues that this insufficiency by itself warrants the remand of this action, a motion for remand which is based upon such an arguably non-jurisdictional defect must be brought within 30 days after the filing of the notice of removal. See *28 U.S.C. § 1447(c)*. Plaintiff waited over 6 weeks after removal to file the present motion.

[2] The Court does not mean to suggest that Plaintiff is obliged to do so, or that his unwillingness to do so defeats his present contention that less than $75,000 is at stake in these proceedings. Rather, the Court merely observes that this potential means for casting doubt on Defendant's amount-in-controversy showing is not available here.

*Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994)*.

For the same reasons, this Court finds that Plaintiff's settlement offers in this case, falling just a shade below the $ 75,000 jurisdictional threshold, tend to suggest that the amount in controversy actually exceeds this threshold. This indication, along with Defendant's statement of the damages that could be awarded here, satisfies the Court that removal was proper.

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 31, 2001 Motion to Remand is DENIED.

Gerald E. Rosen

United **[*7]** States District Judge

---

**End of Document**